IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIE INDEMNITY COMPANY, | ) | |
| Plaintiff, | ) ) ) | 1:22-CV-00093-CRE |
| vs. | ) ) ) | |
| TROY STEPHENSON, CHRISTINA STEPHENSON, AND; AND STEVEN BARNETT, IN BOTH THEIR INDIVIDUAL CAPACITIES AND IN ANY REPRESENTATIVE CAPACITIES THEY MAY HAVE RELATING TO ERIE INSURANCE EXCHANGE; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| ERIE INSURANCE EXCHANGE, AN UNINCORPORATED ASSOCIATION, BY TROY STEPHENSON, CHRISTINA STEPHENSON, AND STEVEN BARNETT, TRUSTEES AD LITEM, AND ALTERNATIVELY, ERIE INSURANCE EXCHANGE, BY TROY STEPHENSON, CHRISTINA STEPHENSON, AND STEVEN BARNETT; | ) ) ) ) ) ) ) ) ) ) ) | 2:22-CV-00166-CRE |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| ERIE INDEMNITY COMPANY, | ) ) | |
| Defendant, | ) ) | |

**MEMORANDUM ORDER**[1]

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

CYNTHIA REED EDDY, United States Magistrate Judge.

Presently before the Court are identical motions by Erie Indemnity Company ("Indemnity") to lift the stay of the action set forth at *Erie Indem. Co. v. Stephenson*, No. 1:22-cv-93 (W.D.Pa. Mar. 15, 2022) (the "AIA[2] Action") and to stay the remand order of the action set forth at *Erie Ins. Exch. v. Erie Indem. Co.*, No. 2:22-cv-166 (W.D.Pa. Jan. 27, 2022) ("*Stephenson*").  AIA Action at ECF No. 50; *Stephenson* at ECF No. 57.

Because the Court writes primarily for the parties, only the factual allegations necessary for the disposition of this motion will be addressed.

On December 8, 2021, Troy Stephenson, Christina Stephenson and Steven Barnett on behalf of Erie Insurance Exchange ("Exchange"), filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania alleging that Indemnity's compensation practices breached its fiduciary duties to Exchange.  Indemnity removed the case to this Court alleging jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453 and Exchange moved to remand.

On March 25, 2022, Indemnity filed a separate complaint against Troy Stephenson, Christina Stephenson, and Steven Barnett, in their individual capacities and on behalf of Exchange seeking injunctive relief enjoining Exchange's current effort to relitigate claims and issues decided in prior actions disposed of and any future actions by Exchange or any individuals in privity with them.

On May 6, 2022, Indemnity filed a motion to consolidate *Stephenson* and the AIA Action, and the Court held the motion to consolidate in abeyance and stayed and administratively closed

---

[2]   For ease of reference, because Indemnity seeks injunctive relief under the Anti-Injunction Act, 28 U.S.C. § 2283, this case will be referred to as the "AIA Action."

the AIA Action pending the Court's decision on the motion to remand. On September 28, 2022, the Court issued an order remanding *Stephenson* to the Court of Common Pleas of Allegheny County (the "Remand Order") and stayed issuance of the Remand Order "pending the outcome of the appeal of the Remand Order," and further stated that once the appeal was decided, it would if applicable entertain a "motion to extend the stay of the Remand Order . . . and/or lift the stay" in the AIA Action. *Stephenson* at ECF No. 43. On May 22, 2023, the United States Court of Appeals for the Third Circuit affirmed this Court's Remand Order and thereafter denied Indemnity's petition for rehearing, and the Court of Appeals issued a mandate on June 30, 2023, returning jurisdiction to this Court.

Indemnity thereafter filed the instant motion to lift the stay of the AIA Action and to extend the stay of the Remand Order in *Stephenson*. Exchange does not oppose lifting the stay of the AIA action, and therefore the motion will be granted, and the AIA action will be reopened. The contested motion to stay the *Stephenson* Remand Order is fully briefed and ripe for disposition. ECF Nos. 51, 53, 54.

First, the Court must discuss whether it has the authority to extend a stay where it has been determined by the court of appeals that it lacks subject matter jurisdiction over the matter. Where a district court's "remand is based on . . . lack of subject-matter jurisdiction . . . a court of appeals lacks jurisdiction to entertain an appeal of the remand order under [28 U.S.C.] §§ 1447[c], (d)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995). A federal district court is divested of jurisdiction over a case when it mails a certified copy of the remand order to state court. *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 159 (3d Cir. 1998). Notwithstanding that a remand order generally divests the district court of jurisdiction, "Congress expressly authorized federal courts of appeals to exercise their discretion to accept an appeal from a remand

order under CAFA 'notwithstanding section 1447(d).' " *Dalton v. Walgreen Co.*, 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013) (quoting 28 U.S.C. § 1453(c)).  A court may therefore exercise limited jurisdiction to entertain a motion to stay a remand order pending the appellate process. *Baron v. Johnson & Johnson*, 2014 WL 7272229, at *2 (C.D. Cal. Dec. 17, 2014); *Manier v. Medtech Products, Inc.*, 2014 WL 2919304, at *1 (S.D.Cal. June 26, 2014)   Likewise, a stay may be issued when an aggrieved party on appeal seeks a writ of certiorari from the Supreme Court of the United States. 28 U.S.C. § 2101(f).  Therefore, a court may exercise limited jurisdiction to consider the stay a remand order in a CAFA case in light of this statutory scheme. *Dalton*, 2013 WL 2367837, at *1.

Indemnity asserts it will be seeking review of the Court of Appeals decision by the Supreme Court of the United States. ECF No. 61 at 5. Though Indemnity explicitly states is not seeking a stay based on review by the Supreme Court, *id*., the Court has not found any authority, and Indemnity has not provided any case law, statutory authority or otherwise, permitting a stay of the remand order following the disposition of all appeals.

Indemnity urges the Court to invoke its own administrative authority to promote the fair and efficient adjudication of its cases and seeks a stay until the AIA action is decided and argues, *inter alia*, if *Stephenson* is remanded before the AIA action is decided, it will cause a race to judgment in both cases and could cause inconsistent binding decisions.  While the Court has discretionary authority to control the cases on its docket and issue administrative orders in its cases, including stays, the current cases present a different substantive situation: the Court of Appeals has affirmed this Court's determination that there is no subject-matter jurisdiction over *Stephenson* based on CAFA and *Stephenson* should be remanded to state court.  Again, Indemnity has not cited to, and this Court has found no authority permitting a court to use its discretionary authority

to impose a stay of an order to remand to state court beyond the finality of the appellate process. Because the only authority allowing for such a stay is in conjunction with the appellate process, the Court will only exercise this limited jurisdiction to extend the current stay until the appeals process is final.  That said, Indemnity's argument regarding a race against the clock to judgment is well taken, and the Court will issue an expedited briefing schedule for the motion for preliminary injunction in the AIA case and will prioritize the decision of the impending motion.

Therefore, the following Order is entered:

IT IS HEREBY ORDERED that the motion to lift the stay of the AIA action is GRANTED and the stay is lifted in *Erie Indemnity Co. v. Stephenson*, 1:22-cv-93 (W.D.Pa.) and the case is reopened.

IT IS FURTHER ORDERED that the following briefing schedule applies in *Erie Indemnity Co. v. Stephenson*, 1:22-cv-93 (W.D.Pa.):

Preliminary Injunction Motion and Brief limited to fifteen (15) pages by September 1, 2023.

Response Brief limited to fifteen (15) pages by September 15, 2023.

Reply Brief limited to five (5) pages by September 22, 2023.

IT IS FURTHER ORDERED that the motion to stay the Remand Order in *Erie Insurance Exchange v. Erie Indemnity Co.*, 2:22-cv-166 (W.D.Pa.) is GRANTED IN PART.  The Remand Order will remain stayed until the time to petition the Supreme Court of the United States for a writ of certiorari has tolled and no such writ is filed, or if such a writ is filed, until such time that all appeals are final.  Thereafter, if applicable, the Court will lift the stay of the Remand Order and mail a certified copy of the Remand Order to the Court of Common Pleas of Allegheny County, Pennsylvania.

DATED this 18th day of August, 2023.

                                         BY THE COURT:

                                         s/Cynthia Reed Eddy
                                         United States Magistrate Judge